UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ROBERT H. DeMOSS, JR., by the conservator of his person and property, CATHERINE ROBETTE CAMPBELL, ) ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | Case No. 3:09-0633<br>Judge Echols |
| DILLARD'S, INC., DILLARD TENNESSEE OPERATING LIMITED PARTNERSHIP, CONSTRUCTION DEVELOPERS, INCORPORATED, JOHN MITCHELL, WILLIAM HORN, DAVIS STREET LAND COMPANY OF TENNESSEE, LLC., ROBERT WILLIAM TICE, JR., BRITTNEY BANISTER, JOHNATHON HARRIS, and CATHERINE DALE MILLS, ) ) ) ) ) ) ) ) ) ) | |
| Defendants. ) | |

## ORDER

This is an action which was originally filed in the Circuit Court for Davidson County, Tennessee and removed by Defendants to this Court based upon diversity of citizenship. Subsequently, Plaintiffs filed a "Motion to File First Amended Complaint" (Docket Entry No. 13), that motion was granted (Docket Entry No. 15), and an Amended Complaint was filed (Docket Entry No. 16). The Amended Complaint added non-diverse Defendants. Based upon this procedural history, the Magistrate Judge has entered a Report and Recommendation ("R & R") (Docket Entry No. 26) in which he recommends that the action be dismissed for lack of subject matter jurisdiction. While Plaintiffs admit that diversity jurisdiction no longer exists in this case, they object to dismissal and assert that the proper procedure is to remand this case to state court (Docket Entry No. 30). They have also filed a Motion to Remand (Docket Entry No. 32).

Upon review of an R & R, the Court "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to" and "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3). Having conducted this *de novo* review, the Court finds the Magistrate Judge correctly determined that the Court is without jurisdiction because complete diversity longer exists, but, instead of dismissal, the proper course is to remand the action to the state court from which it was removed.

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Where, as here, a removed case is based upon diversity jurisdiction and a non-diverse party is subsequently added, the Court is required to remand the action to state court. Curry v. U.S. Bulk Transport, Inc., 462 F.3d 536, 541-43 (6th Cir. 2006).

Accordingly, the Court rules as follows:

(1) Plaintiff's Objection to the R & R (Docket Entry No. 30) is hereby SUSTAINED;

(2) The R & R (Docket Entry No. 26) is hereby ACCEPTED insofar as it concludes that this Court lacks subject matter jurisdiction over this action, but REJECTED insofar as it recommends dismissal without prejudice;

(3) This case is hereby REMANDED to the Circuit Court for Davidson County, Tennessee; and

(4) Plaintiffs' Motion to Remand (Docket Entry No. 32) is hereby DENIED AS MOOT.

It is so ORDERED.

_____
ROBERT L. ECHOLS
UNITED STATES DISTRICT JUDGE